UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRISTOL VILLAGE, INC., Individually and on
behalf of a class of others similarly situated,

                Plaintiff,

v.

LOUISIANA-PACIFIC CORPORATION,

         Case 1:12-cv-00263-EAW-LGF

                Defendant.
_____

LOUISIANA-PACIFIC CORPORATION,

                Third-Party Plaintiff,

v.

CHARLES TRUMP, JR. d/b/a
NORTHERN ROOFING a/k/a
NORTHERN ROOFING & CONSTRUCTION,
and JOHN DOES 1 – 10,

                Third-Party Defendants.
_____

### PLAINTIFF BRISTOL VILLAGE, INC'S
### NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Bristol Village, Inc. ("Plaintiff") respectfully submits the following supplemental authority to its previously filed Memorandum in Opposition to Defendant/Third Party Plaintiff Louisiana-Pacific Corp.'s ("Defendant") Motion for Summary Judgment (Dkt. 97 Nov. 14, 2014). The United States District Court for the Northern District of Ohio denied in part and granted in part a summary judgment motion filed by Defendant in a parallel case, finding that issues of fact existed with respect to that plaintiff's express warranty and "essential purpose"

claims, and it entered summary judgment for Defendant on the plaintiff's unconscionability claim. *See* Exhibit A, *Holbrook v. Louisiana-Pacific Corp.*, No. 12-cv-484, Order (Dkt. 75 Mar. 23, 2015).

In *Holbrook*, the district court held that "evidence would permit the jury to find Louisiana-Pacific breached the warranty by refusing to compensate Holbrook for defective TrimBoard that was compensable under the company's then-applicable installation instructions." Ex. A, Order at 5. Significant factors considered by the district court include Defendant's reliance on incorrect installation instructions when evaluating the claim and Defendant's refusal to compensate the plaintiff for all of the Trimboard he alleged was defective. *Id*. at 5-6. In addition, the district court found that the evidence presented in *Holbrook* "creates a genuine dispute of material fact as to whether Louisiana-Pacific's warranty failed of its essential purpose." *Id*. at 13.

> Buying new trim is the least of what Holbrook must spend to enjoy the benefit of his warranty. Simply dumping new TrimBoard in his yard and telling him to take it from there ignores what it foreseeably and necessarily will cost to do so. Under these circumstances a reasonable jury could find that the warranty failed of its essential purpose.

*Id*. at 12.

Plaintiff respectfully submits that the opinion in *Holbrook* further supports its request that this Court deny Defendant's summary judgment motion.

Dated:     March 24, 2015                    Respectfully submitted,

                                             */s/ Michael J. Flannery*
                                             Michael J. Flannery
                                             Cuneo Gilbert & LaDuca, LLP
                                             300 North Tucker Boulevard
                                             Suite 801
                                             St. Louis, MO 63101

Edwin P. Hunter
Hagerty & Brady
69 Delaware Avenue
Suite 1010
Buffalo, NY 14202

Charles J. LaDuca, Esq.
Cuneo Gilbert & LaDuca, LLP
8120 Woodmont Ave
Suite 810
Bethesda, MD 20814

Robert K. Shelquist, Esq.
Lockridge Grindal Nauen PLLP
100 Washington Ave. S, Suite 2200
Minneapolis, Minnesota 55401

Charles Schaffer, Esq.
Levin Fishbein Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106

Michael McShane, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, California 94105

Shanon Carson, Esq.
Berger & Montague PC
1622 Locust Street
Philadelphia, Pennsylvania 19103

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This document was filed electronically on March 24, 2015. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and parties may access this filing through the Court's system.

*s/ Katherine Van Dyck*
Katherine Van Dyck