UNITED STATES DISTRICT COURT
WESTERN DIVISION OF NEW YORK
_____

BRISTOL VILLAGE, INC., individually and on
behalf of a class of others similarly situated,

   Plaintiff,

v.

LOUISIANA-PACIFIC CORPORATION,

   Defendant.
_____

LOUISIANA-PACIFIC CORPORATION,

   Third-Party Plaintiff,

v.

CHARLES TRUMP, JR. d/b/a
NORTHERN ROOFING a/k/a
NORTHERN ROOFING & CONSTRUCTION,
and JOHN DOES 1 – 10,

   Third-Party Defendants.
_____

Case 1:12-cv-00263-EAW-LGF

# DEFENDANT/THIRD-PARTY PLAINTIFF'S
# RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff's Notice of Supplemental Authority (Dkt. 117) argues that a recent decision from the Northern District of Ohio supports this Court denying Louisiana-Pacific Corporation's ("LP") summary judgment motion based on the failure of essential purpose doctrine. Plaintiff's reliance on the decision is misplaced because, as LP will explain, the decision relies on distinguishable law and facts in some places and actually supports LP's position in another.

Initially, the decision in Holbrook v. Louisiana-Pacific Corporation correctly concludes that the LP warranty is not unconscionable as a matter of law. 2015 WL 1291534, at *5, 2015 U.S. Dist. LEXIS 35862, at *12-*13 (N.D. Ohio Mar. 23, 2015). This conclusion accords with other recent decisions holding that the LP warranty is not unconscionable. See Harbison v. Louisiana-Pacific Corp., 2015 WL 670331 at *2-*3, 2015 U.S. App. LEXIS 2405 at *6-*7 (3d Cir. Feb. 18, 2015);[1] Brown v. Louisiana-Pacific Corp., Case No. 12-cv-00102 (S.D. Iowa Sept. 18, 2014).[2]

After properly concluding that the LP warranty is not unconscionable, however, Holbrook adopts a minority view in holding that there is a triable issue as to whether the LP warranty fails of its essential purpose. That holding should not be followed here because New York courts have expressly rejected the minority view followed in Holbrook.

In Holbrook, the court held that there was a triable issue of fact as to whether the LP warranty failed of its essential purpose because the limited remedy under the LP warranty did not cover every dollar of the plaintiff's alleged damages. Specifically, the court concluded that "Ohio law does not necessarily foreclose [plaintiff] from proving that the warranty still failed of

---

[1] The Third Circuit's decision upheld multiple decisions from the Western District of Pennsylvania recognizing the enforceability of LP's limited remedy. See 2014 WL 469936, 2014 U.S. Dist. LEXIS 14993 (Feb. 6, 2014); 2014 WL 794319, 2014 U.S. Dist. LEXIS 26116 (Feb. 27, 2014); 2014 WL 1117964, 2014 U.S. Dist. LEXIS 37573 (Mar. 20, 2014).

[2] The Brown decision is attached as Exhibit A to the Declaration of Joseph Hanna, which was filed in this Court on October 13, 2014 (Dkt. 90-1).

its essential purpose. . . . because a jury could find the warranty covers only a fraction of [plaintiff's] allegedly substantial—and foreseeable—economic hardship." 2015 WL 1291534, at *6, 2015 U.S. Dist. LEXIS 35862, at *16. This is not the standard in New York.

To the contrary, as this Court and others have recognized, in New York a remedy fails of its essential purpose only if it leaves a party "with no remedy at all." E.g., Xerox Corp. v. Graphic Mgmt. Servs., Inc., 959 F. Supp. 2d 311, 320 (W.D.N.Y. 2013); Maltz v. Union Carbide Chems. & Plastics Co., 992 F. Supp. 286, 304-05 (S.D.N.Y. 1998). New York law provides that return of purchase price is an appropriate remedy,[3] but LP's warranty provides more. The warranty here provides Plaintiff a remedy of twice the purchase price of compensable TrimBoard and, thus, there is no basis to argue that Plaintiff has no remedy at all. Moreover, the Brown decision already considered essentially the same warranty and found that it does not fail its essential purpose. See Brown at p. 23 (the "mere fact that the Limited Warranty does not compensate Plaintiff for the entirety of his damages does not mean it has failed of its essential purpose").[4]

Holbrook premises its conclusion on Ohio's interpretation of the failure of essential purpose doctrine as recognized in Goddard v. General Motors Corp., 396 N.E.2d 761 (Ohio 1979). Specifically, Goddard concluded that where a warranty fails of its essential purpose, a buyer may recover consequential damages even if the warranty expressly excludes consequential

---

[3] Tulger Contr. Corp. v. Star Bldg. Sys., 2002 WL 986994, at *2, 2002 U.S. Dist. LEXIS 8620, at *4-*5 (S.D.N.Y. May 14, 2002); Maltz v. Union Carbide Chems. & Plastics Co., 992 F. Supp. 286, 304-05 (S.D.N.Y. 1998) .

[4] Contrary to the Holbrook court's characterization, the warranty's remedy is not "[s]imply dumping new TrimBoard" in a warranty claimant's yard. 2015 WL 1291534, at * 7, 2015 U.S. Dist. LEXIS 35862, at *18. The remedy of twice the purchase price contemplates compensation for both new materials and an allowance for labor.

damages.  Goddard represents a minority view that conflates the doctrines of failure of essential purpose and unconscionability.  This minority view has been rejected in New York.

Instead, New York follows the majority view in concluding that the doctrines of failure of essential purpose and unconscionability are distinct. In New York, a remedy's failure of its essential purpose does not render a waiver of consequential damages unenforceable.

The Second Circuit made this clear in McNally Wellman Co. v. New York State Elec. & Gas Corp., 63 F.3d 1188 (2d Cir. 1995).  There, the court initially recognized that there was a split in authority in sister states as to "whether the failure of an exclusive remedy precludes enforcement of a consequential damages exclusion."  63 F.3d at 1197.  The Second Circuit, however, interpreted the doctrine of failure of essential purpose narrowly, holding that an exclusive remedy's failure its essential purpose does <u>not</u> render a consequential-damages exclusion unenforceable.  The court held that "[u]nder New York law . . . it is well established that the failure of a limited remedy does not render ineffective all other limitations of liability. Rather, a limitation on incidental or consequential damages remains valid even if an exclusive remedy fails."  Id.  The district courts in New York have followed suit.  See, e.g., Roneker v. Kenworth Truck Co., 944 F. Supp. 179, 185 (W.D.N.Y. 1996) ("[E]ven if plaintiff succeeds in establishing that the repair and replacement warranty failed of its essential purpose, the exclusion of consequential damages will remain in effect unless the exclusion is unconscionable.").

A leading treatise recognizes that New York follows the majority view.  See 1 White, Summers, & Hillman, Uniform Commercial Code § 13:22 (6th ed. 2012).  This treatise also notes that both Iowa and Pennsylvania follow the majority view.  Id. n.6 (providing a string citation to decisions supporting the majority view, including Iowa, New York, and

Pennsylvania). And, as the Brown and Harbison decisions demonstrate, Iowa and Pennsylvania have both found the LP warranty to be an enforceable bar to the claims asserted in similar cases.

Finally, in finding a triable issue of fact existed as to whether LP breached its warranty, the Holbrook court pointed out that LP applied an incorrect set of application instructions when it prepared its warranty offer to the plaintiff. 2015 WL 1291534, at *4, 2015 U.S. Dist. LEXIS 35862, at *7. Here, in contrast, Plaintiff has neither proved nor even alleged LP did that in its warranty offer to Plaintiff.

In short, Plaintiff's supplemental authority provides the Court with a case that follows an understanding of the failure of essential purpose doctrine that New York rejects. In contrast, this Court's Xerox decision, as well as other precedents that, like New York, follow the majority view—Brown and Harbison—make clear that the LP warranty does not fail its essential purpose and bars Plaintiff's claims asserted here. The Holbrook decision also allowed the breach of express warranty claim to go forward on distinguishable facts. At the one point where there was no distinction between that case and the one before this court—the issue of unconscionability—the court granted LP summary judgment.

For the foregoing reasons, and those previously asserted, this Court should grant Louisiana Pacific Corporation's Motion for Summary Judgment (Dkt. 77) in its entirety.

Dated:     Buffalo, New York
             March 31, 2015

                                      Respectfully submitted,

                                      GOLDBERG SEGALLA LLP

                                         s/ Joseph M. Hanna
                                      Joseph M. Hanna

Daniel B. Moar
665 Main Street / Suite 400
Buffalo, New York 14203
Telephone: 716-566-5447
jhanna@goldbergsegalla.com
dmoar@goldbergsegalla.com

John Parker Sweeney, Fed. Bar No. 8761
Bradley Arant Boult Cummings LLP
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
Telephone: 202-719-8216
jsweeney@babc.com

James E. Weatherholtz, Fed. Bar No. 7473
Womble Carlyle Sandridge & Rice, LLP
5 Exchange Street
P.O. Box 999
Charleston, SC 29402-0999
Telephone: 843-722-3400
jweatherholtz@wcsr.com

*ATTORNEYS FOR DEFENDANT/*
*THIRD-PARTY PLAINTIFF*
*LOUISIANA-PACIFIC CORPORATION*

3584461v1