UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRISTOL VILLAGE, INC., individually and on behalf of a class of others similarly situated, | Court File 1:12-cv-00263-EAW-LGF |
| Plaintiff, | |
| v. | |
| LOUISIANA-PACIFIC CORPORATION, et al. | |
| Defendant. | |
| LOUISIANA-PACIFIC CORPORATION, | |
| Third-Party Plaintiff, | |
| v. | |
|     CHARLES TRUMP, JR. d/b/a NORTHERN ROOFING a/k/a NORTHERN ROOFING & CONSTRUCTION, and JOHN DOES 1 – 10, | |
| Third-Party Defendants. | |

**PLAINTIFF'S REPLY TO DEFENDANT/THIRD-PARTY PLAINTIFF'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff's Notice of Supplemental Authority, submitted to the Court on March 24, 2015, was limited to the recent decision in *Holbrook v. Louisiana-Pacific Corp.*, No. 12-cv-484 (N.D. Ohio) ("*Holbrook* Decision"). (Dkt. 117). Defendant's Response goes well beyond that to reargue certain points addressed in its pending motion for summary judgment. (Dkt. 117). This is not the first time Defendant has used this tactic. (*see* Dkt. 110) Defendant's additional argument is improper and should be stricken, but Plaintiff also notes – should the Court consider the Response – that Defendant fails to demonstrate why the *Holbrook* Decision is irrelevant.

## DEFENDANT'S EFFORT TO DISTINGUISH THE *HOLBROOK* DECISION IS UNAVAILING

Defendant suggests that the *Holbrook* Decision should be disregarded by this Court in its determination as to whether the remedy at issue fails of its essential purpose. Defendant claims that this decision is irrelevant since, under New York law, a remedy does not fail its essential purpose unless there is "no remedy at all." This oversimplifies the inquiry and ignores that the inquiry itself is a question for the trier of fact.

The cases cited by Defendant demonstrate that whether a limited-remedy warranty fails of its essential purpose is a question of fact. *See, Maltz v. Union Carbide Chem & Plastics Corp.*, 992 F.Supp. 286, 304 (S.D.N.Y. 1997) ("Generally, whether changed circumstances have caused a limited remedy to fail of its essential purpose is a question of fact and not of law"); *Roneker v. Kenilworth Truck Co.*, 944 F.Supp. 179, 185 (W.D.N.Y. 1996) ("Based on the record before the court, I find that the question of whether the limited remedy of repair or replacement warranted by defendants failed of its essential purpose should be left for the jury to determine "upon proof of the circumstances occurring after the contract [was] formed."); *see also Laidlaw Transportation, Inc. v. Helena Chemical Co.*, 255 A.D.2d 869, 870 (4th Dep't 1998) ("Whether an exclusive or limited remedy provision fails of its essential purpose is an issue of fact for the

jury"). Interestingly, Defendant quotes *Xerox Corp. v. Graphic Mgmt. Servs. INC.,* 959 F. Supp. 2d 311 (W.D.N.Y. 2013) for the principle that a remedy fails it essential purpose "only if it leaves a party 'with no remedy at all,'" but neglects to address that the *very next sentence* in the case is "Generally, this is a question of fact…". *Id* at 320.

The court in *Xerox* specifically noted that when there are *no allegations* that the limited remedy provision "deprive[s]" a party of an effective remedy, replacement or purchase price may be deemed an appropriate remedy by a court. Here, however, Plaintiff not only alleged that the limited remedy provision deprives it and class members of any meaningful remedy (Complaint ¶¶51-53), it also specifically submitted evidence showing that the provision would result in less than 5% of the true replacement cost for the product. Van Dyck Add. Ex. 12 (Dkt. 98-12).

Defendant also erroneously seeks to distinguish the *Holbrook* Decision based on Ohio's supposed joint inquiry of the doctrines of failure of essential purpose and unconscionability. First, the *Holbrook* court's determination as to whether there was a disputed fact concerning the essential purpose doctrine was not impacted by combining these legal doctrines at any level. Second, under New York law, even if the doctrines are treated as independent inquiries, the Court should still deny the Motion for Summary Judgment based on the factual disputes at issue here. As discussed by Defendant's own authority, even if this Court determines that the bar on consequential damages is not unconscionable, Plaintiff's case may proceed on the question of whether the remedy fails of its essential purpose and any proper damages:

> In this court's view, "the precise demarcation between direct and consequential damages is a question of fact ... [which] must be left for resolution at trial." *American Elec. Power Co. v. Westinghouse Elec. Corp.*, 418 F.Supp. 435, 459–60 (S.D.N.Y.1976). In making its determination, the jury should consider the commercial context in which the contract was made as well as the express language of the exclusion clauses themselves. *Id.* at 459.

*Roneker v. Kenworth Truck Co.*, 944 F. Supp. 179, 186 (W.D.N.Y. 1996).

In sum, the *Holbrook* Decision is relevant supplemental authority that supports a denial of Defendant's Motion for Summary Judgment based on the factual disputes in this case.

Dated:  April 10, 2015                                   Cuneo Gilbert & LaDuca, LLP


By: */s/ Michael J. Flannery*
Michael J. Flannery, Esq.
Cuneo Gilbert & LaDuca, LLP
7733 Forsyth Boulevard
Suite 1675
St. Louis, MO  63105
Telephone:  (314) 226-1015
mflannery@cuneolaw.com

Charles J. LaDuca, Esq.
8120 Woodmont Avenue
Suite 810
Bethesda, MD 20814
Telephone:  202/789-3960
charlesl@cuneolaw.com

Michael A. Brady
Edwin P. Hunter
Hagerty & Brady
69 Delaware Avenue, Suite 1010
Buffalo, New York 14202-3875
Telephone:  716/856-9443
mbrady@hagerty-brady.com
ehunter@hagerty-brady.com

Michael McShane, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: 415/568-2555
mmchane@audetlaw.com

Robert K. Shelquist, Esq.
Lockridge Grindal Nauen P.L.L.P.
100 Washington Ave. S, Suite 2200

Minneapolis, Minnesota 55401
Telephone: 612/339-6900
rkshelquist@locklaw.com

Shanon Carson, Esq.
Berger & Montague PC
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: 215/875-3000
scarson@bm.net


Charles Schaffer, Esq.
Levin Fishbein Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: 215/592-1500
cschaffer@lfsblaw.com

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

This document was filed electronically on April 10, 2015. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and parties may access this filing through the Court's system.

*/s/ Michael J. Flannery*
Michael J. Flannery
